**David M. FRISCIA, Petitioner,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent.**

No. 95–485.

United States Court of Veterans Appeals.

July 14, 1995.

Before KRAMER, MANKIN, and HOLDAWAY, Judges.

## ORDER

PER CURIAM.

On August 21, 1991, the Board of Veterans' Appeals (BVA) increased the petitioner's service-connected disability rating for post-traumatic stress disorder (PTSD) from 50% to 70%, but denied a 100% rating. The BVA also denied entitlement to a total disability rating based on individual unemployability (TDIU) under 38 C.F.R. § 4.16(c) (1991).

On October 14, 1992, the Court affirmed that part of the August 21, 1991, BVA decision which denied a 100% rating for PTSD. However, the Court vacated and remanded that part of the BVA decision which denied entitlement to a. TDIU rating because the BVA: (1) failed to consider whether the petitioner's employment was "marginal" and thus "not substantially gainful" employment under 38 C.F.R. § 4.16(a); (2) failed to adequately state the reasons or bases for its findings and conclusions under 38 U.S.C. § 7104; and (3) failed to adequately address why the petitioner was not entitled to the benefit of the doubt under 38 U.S.C. § 5107(b). *Friscia v. Principi,* 3 Vet.App. 563 (1992) (unpub. mem. dec.).

On May 26, 1993, the BVA once again denied entitlement to a TDIU rating, finding that the petitioner's PTSD did not preclude him from securing or following a substantially gainful occupation.

On December 21, 1994, the Court vacated the May 26, 1993, BVA decision and remanded the TDIU claim for a second time because the BVA: (1) failed to provide reasons or bases for its findings and conclusions under 38 U.S.C. § 7104(d)(1); (2) failed to adequately address why the petitioner was not entitled to the benefit of the doubt under 38 U.S.C. § 5107(b); and (3) did not comply with its duty to assist under 38 U.S.C. § 5107(a) in that it failed to obtain an examination which included an opinion on what effect the petitioner's service-connected disability has on his ability to work. *Friscia v. Brown,* 7 Vet.App. 294, 297 (1994). The Court also ordered that, within 10 days after

 

the date of the opinion, the Secretary file a statement informing the Court of what actions he would take to ensure expeditious treatment of the petitioner's claim, including the date he had directed for adjudication to be complete. *Ibid.*

On January 3, 1995, the Secretary informed the Court that the petitioner's representative had the claims file, but that as soon as the file was returned to the BVA, it would be forwarded to a BVA member for immediate consideration. The Secretary did not provide a date when adjudication would be complete. On February 2, 1995, the BVA granted entitlement to a 100% schedular rating through May 16, 1993, based on the appellant's inability to secure or maintain gainful employment during that period, but remanded for further development the issue of entitlement to such a rating from May 17, 1993, forward, leaving the 70% rating in effect during that period.

On May 23, 1995, the petitioner filed a petition for a writ of mandamus. The petitioner appears to state, in essence, that the Secretary and the BVA have had enough chances to fix their errors, but have continued to ignore the Court's decisions. He feels he is entitled to a TDIU rating, and wants no more delays.

 This Court has the authority to issue extraordinary writs, including writs of mandamus, in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651. *Ebert v. Brown,* 4 Vet.App. 434, 437 (1993); *Erspamer v. Derwinski,* 1 Vet.App. 3, 7–8 (1990). The Supreme Court has stated that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). Before this Court may issue a writ of mandamus, the petitioner must demonstrate: (1) that he has a clear and indisputable right to a writ and (2) that he lacks alternative means to obtain the relief he seeks. *Ebert, supra; Erspamer,* 1 Vet.App. at 9.

 The Court is sympathetic to the petitioner's plea for a final resolution of his claim, and is aware that this matter was remanded twice due to the BVA's failure to follow statutory, regulatory, and case law. However, the petitioner did not file a motion for reconsideration of the BVA's February 2, 1995, remand decision, and thus has not exhausted the administrative remedies available to him prior to filing his petition for a writ of mandamus. *See* 38 U.S.C. § 7103 (BVA reconsideration); 38 C.F.R. §§ 20.1000, 20.1001 (same); *Brady v. Brown,* 4 Vet.App. 203, 207 (1993) (Court would not reach merits of a claim because the veteran had not yet obtained a rating decision on the claim); *Matter of Quigley,* 1 Vet.App. 1, 2 (1989) (exhaustion of administrative remedies includes seeking review by the BVA). Therefore, the petitioner has not demonstrated that he lacks alternative means to obtain the relief he seeks. *See Ebert, supra; Erspamer, supra.*

On consideration of the foregoing, it is

ORDERED that the petition for a writ of mandamus is DENIED.