Billy G. NEWSOM, Plaintiff–Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS, Defendant–Appellee.

No. 00–5962.

United States Court of Appeals, Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

### ORDER

Billy G. Newsom appeals pro se from a district court judgment that dismissed his civil complaint for lack of subject matter jurisdiction. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Newsom alleged that he had filed a claim for veterans benefits based on radiation exposure. He primarily alleged that the defendants had acted arbitrarily and capriciously, denied him due process, and exceeded their statutory authority, by creating "a higher burden for establishing service connection status for diseases associated with exposure to ionizing radiation or service during the Nuclear Era than that applied to Veterans seeking Service connection status because of other latent diseases." The district court dismissed the case for lack of jurisdiction on June 20, 2000. *See* Fed.R.Civ.P. 12(b)(1). It is from this judgment that Newsom now appeals.

 A *de novo* review of the record shows that the district court lacked subject matter jurisdiction because sovereign immunity was not waived in Newsom's case. *See Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir.1997). This is so because Congress has vested exclusive jurisdiction over claims regarding veterans benefits with the Court of Veterans Appeals ("CVA"), and the CVA's decisions are reviewed exclusively by the Court of Appeals for the Federal Circuit. *See id.* at 970.

Newsom now argues that the district court was authorized to consider a constitutional challenge to Congress's decision to vest the CVA with extensive jurisdiction. This claim was not raised in Newsom's complaint, and we will not consider it for the first time on appeal. *See Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir. 1994). Newsom also argues that the court had jurisdiction because he sought only declaratory and injunctive relief. This argument is unpersuasive because the court in *Beamon* affirmed the dismissal of the plaintiff's case on jurisdictional grounds, even though he also had raised only equitable claims. *See Beamon,* 125 F.3d at 968–69.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.