**Joseph NICODEMUS, Plaintiff–
Appellant,**

v.

**Betty MONTGOMERY; Ohio Fifth District Court of Appeals, Jullie Edwards, Presiding Judge; Canton Municipal Court, John Poulos, Presiding Judge; William H. Georges; Deborah Reichel; Canton City Council, Ray Denczak, President; Stark County Commissioners, Defendants–Appellees.**

No. 01–4070.

United States Court of Appeals,
Sixth Circuit.

April 29, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; SIMPSON, District Judge.*

This pro se Ohio litigant appeals a district court judgment dismissing his civil rights suit. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Joseph Nicodemus (aka Nicodemus Joseph) sued the Ohio Attorney General (Betty Montgomery), the Stark County Commissioners, the Ohio Fifth District Court of Appeals, Canton Municipal Court Judge John Poulos, Magistrate Lemuel R. Green, court stenographer Deborah Reichel, attorney William H. Georges, and the Canton City

---

\* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

Council. Nicodemus claimed that the Ohio Fifth District Court of Appeals, and the Canton Municipal Court—among other defendants—denied him due process and equal protection.

This case arose out of a civil dispute over approximately $669.00 and involved the installation of windows at Nicodemus's residence and his failure to pay for the work performed. Seeking payment, the contractor responsible for installing the windows sued Nicodemus in the Canton Municipal Court, Small Claims Division. Magistrate Green conducted a hearing and recommended that judgment be entered in favor of the contractor, and Canton Municipal Court Judge John Poulos approved the magistrate's report and recommendation over Nicodemus's objections. Nicodemus appealed to the Fifth District Court of Appeals and claimed during the pendency of his appeal that he had difficulty obtaining a transcript of the lower court proceedings in violation of his constitutional rights. The Fifth District Court of Appeals heard arguments and affirmed the judgment of the Canton Municipal Court.

Displeased and undeterred by the state court judgment and appellate decision, Nicodemus sued the above-named defendants in federal court. The district court dismissed Nicodemus's claims pursuant to Fed.R.Civ.P. 12(b)(1) because the court lacked subject matter jurisdiction over them. The district court also dismissed the claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

In his timely appeal, Nicodemus essentially reasserts the claims set forth in the district court.

This court reviews de novo a district court's dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir.1997).

The district court properly dismissed Nicodemus's complaint for lack of subject matter jurisdiction. Under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506–07 (6th Cir.2000). Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486–87, 103 S.Ct. 1303; *Patmon*, 224 F.3d at 509–10. A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *Patmon*, 224 F.3d at 509–10; *Catz*, 142 F.3d at 293.

Nicodemus's constitutional claims are inextricably interwined with the state court's decision. A state court of competent jurisdiction found Nicodemus to be liable for a debt owed to a contractor for work performed. A state court of appeals affirmed that judgment. In his federal suit for monetary damages, Nicodemus sought to attack, in federal district court, the state court proceedings. A fair reading of the complaint reveals that Nicodemus merely disagrees with the manner in which he was found liable for the debt, and Nicodemus's complaint in this action asserts claims against the persons and entities involved in

the judicial proceedings surrounding that debt. Since Nicodemus is merely raising specific grievances regarding decisions of Ohio's trial and appellate courts, his federal case is essentially an impermissible appeal of the state court judgment.

Inasmuch as the district court lacked jurisdiction to consider this case, it is unnecessary to consider whether the district court correctly determined that Nicodemus failed to state a claim upon which relief can be granted.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.