James TRIPLETT, Plaintiff–Appellant,

v.

Nodine MILLER, Judge, Defendant–Appellee.

No. 01–4235.

United States Court of Appeals, Sixth Circuit.

June 10, 2002.

Before KRUPANSKY and COLE, Circuit Judges; DUGGAN, District Judge.*

James Triplett, an Ohio litigant proceeding pro se, appeals a district court judgment dismissing his civil action which sought a stay of a state court proceeding pursuant to 28 U.S.C. § 2283. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Triplett brought this action against a judge of the Franklin County Court of Common Pleas seeking a stay of an action pending in state court. Triplett alleged that the money judgment entered against him in that breach of contract action is excessive and that the excess constitutes interest violative of Ohio's usury statute, Ohio Rev.Code Ann. § 2905.21(H). Tri-

plett also claimed that the judgment creditors' efforts to execute on that judgment amount to "a clear fraud upon this herein plaintiff, James Triplett." The defendant filed a motion to dismiss. The district court dismissed the action after concluding that it lacked jurisdiction. This timely appeal followed.

Upon de novo review, *see Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir.1997), we conclude that the district court properly dismissed this civil action for the reasons stated by that court. Triplett sought a stay of the state court proceeding pursuant to 28 U.S.C. § 2283, which provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment.

As pointed out by the district court, the injunction sought by Triplett in this case is not necessary in aid of the district court's jurisdiction nor is it necessary to effectuate any judgment of that court. Moreover, Triplett did not identify any Act of Congress that would confer upon the district court the authority to grant the injunction requested by Triplett. Indeed, under the *Rooker–Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506–07 (6th Cir.2000).

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.