838

David Paul RUSSELL, Plaintiff–
Appellant,

v.

Stephen GARRARD, et al.,
Defendants–Appellees.

No. 02–2009.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2003.

David Paul Russell, pro se.

Stephen H. Garrard, Asst. Attorney
Gen., Thomas C. Johnson, Asst. Attorney
Gen., Office of the Attorney General of
Michigan, Grand Rapids, MI, Defendant–
Appellee.

Before RYAN and BOGGS, Circuit
Judges; and ROSEN, District Judge.*

*ORDER*

David Paul Russell appeals pro se from
a district court judgment which dismissed
a civil case that he had filed regarding the
denial of his application for state unem-
ployment benefits. Russell's appeal has
been referred to a panel of this court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, the pan-
el unanimously agrees that oral argument
is not needed in this case. Fed. R.App. P.
34(a).

Russell primarily sought federal judicial
review of the decisions of a state agency
and the Michigan courts regarding the de-

nial of his application for unemployment
benefits. The district court granted Rus-
sell pauper status and subsequently dis-
missed his complaint as frivolous under 28
U.S.C. § 1915(e)(2). It is from this judg-
ment that Russell now appeals. The ap-
pellees have filed a motion to dismiss his
appeal.

We review the district court's judgment
*de novo. See Beamon v. Brown,* 125 F.3d
965, 967 (6th Cir.1997). Dismissal was
appropriate here because Russell failed to
raise a cognizable claim and because the
defendants were immune from his claims
for monetary relief. *See* 28 U.S.C.
§ 1915(e)(2)(B).

An independent review of the record
supports the district court's determination
that Russell's federal case involves no
more than a thinly veiled attempt to reliti-
gate the denial of his claim for state unem-
ployment benefits. Thus, his claims are
barred by the *Rooker–Feldman* doctrine.
*See District of Columbia Court of Appeals
v. Feldman,* 460 U.S. 462, 486, 103 S.Ct.
1303, 75 L.Ed.2d 206 (1983); *Rooker v.
Fidelity Trust Co.,* 263 U.S. 413, 416, 44
S.Ct. 149, 68 L.Ed. 362 (1923).

> That doctrine, a combination of the ab-
> stention and res judicata doctrines,
> stands for the proposition that a federal
> district court may not hear an appeal of
> a case already litigated in state court.
> A party raising a federal question must
> appeal a state court decision through the
> state system and then directly to the
> Supreme Court of the United States.

*United States v. Owens,* 54 F.3d 271, 274
(6th Cir.1995).

Thus, the district court properly found
that it lacked jurisdiction over the state
court rulings in Russell's case. The court

* The Honorable Gerald E. Rosen, United States
District Judge for the Eastern District of
Michigan, sitting by designation.

also properly determined that Russell's monetary claims were barred by the Eleventh Amendment and by judicial and quasi-judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Mumford v. Basinski,* 105 F.3d 264, 269 (6th Cir.1997); *Foster v. Walsh,* 864 F.2d 416, 418–19 (6th Cir.1988).

Accordingly, the district court's judgment is affirmed and all pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.