NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**STEVEN C. KELLY,**
*Claimant-Appellant,*

v.

**ERIC K. SKINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

2012-7024

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-2430, Judge John J. Farley, III.

Before PROST, MAYER and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

Upon review of the briefs, we determine whether the judgment of the United States Court of Appeals for Veterans Claims should be summarily affirmed.

The appellant, Steven C. Kelly, served on active duty from December 1965 to January 1979. In July 2000, the Board of Veteran's Appeals granted Kelly an effective date of March 19, 1991 for the 100% disability rating

awarded to Kelly's service-connected schizophrenia claim, a decision which Kelly did not appeal and thus became final. That same month, the Board issued a separate decision finding no clear and unmistakable error (CUE) in its prior decisions relating to the claim, which Kelly did appeal and was subsequently affirmed by the United States Court of Appeals for Veterans Claims.

In May 2005, Kelly again sought an earlier effective date. The Board concluded that "in light of the finality of the July 2000 Board decision, consideration of whether the criteria for assignment for a 100 percent evaluation for the Veteran's service-connected schizophrenia, residual type, component, prior to March 1991, as a freestanding claim is legally precluded."

In affirming, the Veterans Court stated that the case was controlled by its prior decision in *Rudd v. Nicholson*, 20 Vet. App. 296, 299 (2006), which held that the Department has no authority to adjudicate a freestanding claim for an earlier effective date in an attempt to overcome the finality of an unappealed RO decision.

This court's jurisdiction to review Veterans Court decisions is strictly limited. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Absent a constitutional issue, this court "may not review (A) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Kelly does not suggest his freestanding claim for an earlier effective date should have been sympathetically construed as either a CUE claim or a claim to reopen based on new and material evidence. Instead, Kelly first argues that the Department violated his due process

rights. Although it is not entirely clear what rights Kelly is alleging have been deprived, there is simply no merit to the argument. Due process ensures a party a meaningful right to be heard with respect to the denial of important government benefits, including veterans' disability benefits. *See Cushman v. Shinseki*, 576 F.3d 1290, 1298-1300 (Fed. Cir. 2009). That Kelly must abide by the statutory scheme in seeking an earlier effective date does not in anyway deprive him of his right to be heard regarding his claim.

Kelly next argues the Veterans Court is without authority to render a decision on this matter. It is well settled, however, that Congress has vested the Veterans Court with exclusive jurisdiction to review decisions of the Board on all questions of fact and law necessary to adjudicate claims for veterans' benefits such as the one rendered in this case. *See* 38 U.S.C. §§ 511(a); 7104(a); 7261(a)(1); *see also Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) (en banc); *Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006); *Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997). Thus, to the extent that Kelly argues that a district court or the United States Court for Federal Claims should have rendered the decision as to his earlier effective date claim, that argument is without merit.

Finally, Kelly appears to argue that he was entitled to a jury trial. While the Seventh Amendment provides the right to a jury trial in civil suits at common law, it is not "implicated in the VA adjudication process." *Paswell v. Nicholson*, 21 Vet. App. 102 (2006); *see also Tull v. United States*, 481 U.S. 412 n.4 (1987). Accordingly, this constitutional claim is also without merit.

Accordingly

IT IS ORDERED THAT:

(1)   The judgment of the Court of Veterans Claims is summarily affirmed.

(2)   Each side shall bear its own costs.

FOR THE COURT

**AUG 13 2012**
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Steven C. Kelly
     William Rayel, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 13 2012

JAN HORBALY
CLERK