Dennis M. CHINNOCK,
Plaintiff–Appellant,

v.

Thomas K. TURNAGE, Administrator,
Veterans' Administration,
Defendant–Appellee.

No. 90–16535.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1991.

Decided June 8, 1993.

---

Trish M. Higgins, Orrick, Herrington & Sutcliffe, Sacramento, CA, for plaintiff-appellant.

Deborah Ruth Kant, U.S. Dept. of Justice, Civ. Div., Washington, DC, for defendant-appellee.

Before: HUG, HALL, and O'SCANNLAIN, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Dennis Chinnock is a veteran who applied for disability benefits for disabilities resulting from a brain tumor that he contends was caused by radiation exposure while he was serving in the United States Air Force. The Air Force and, subsequently, the Board of Veterans' Appeals denied his application for benefits. The radiation exposure which Chinnock asserts caused the tumor occurred while he was working on a top secret project. Chinnock challenged the Veterans Administration's ("VA") denial of his application in district court, contending that he was deprived of due process because he was not given a hearing before persons authorized to receive top secret information, and he was therefore unable to present fully the nature and circumstances of his radiation exposure.

The district court granted the Government's motion for summary judgment, reasoning that the procedures through which Chinnock's claim was considered were fair, and that a secure hearing at which Chinnock could present classified information would serve no useful purpose because he was ineligible for benefits under applicable regulations regardless of the nature of the exposure. The court concluded that the VA had interpreted its regulations to preclude Chinnock's effort to prove his entitlement to benefits, and that the court's "limited jurisdiction to review VA benefit determinations does not permit it to substitute its judgment for that of the VA with respect to the proper interpretation of these regulations."

The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review the final order of the district court under 28 U.S.C. § 1291. We affirm.

I.

Chinnock was a nuclear chemistry technician for the United States Air Force at McClellan Air Force Base from 1966 until 1970. His work, which required a "top secret" security clearance, involved the purification of hazardous and radioactive chemical samples. In May 1970, during a routine dissolution of a radioactive solution, Chinnock's left hand accidentally was exposed directly to the radioactive material. The radioactive exposure was confirmed at the base hospital, where Chinnock was instructed to "rigorously scrub" his hand to reduce the emissions. Chinnock scrubbed his hand until it was raw and bleeding, and received no further medical care at that time. A 24–hour urine sample was taken from Chinnock, but it was not analyzed for radioactive content until two weeks after it was taken.

In the years after his discharge, Chinnock experienced a loss of hearing in his left ear, double vision, difficulties walking, and dragging of his left foot. In 1978, he was diagnosed as having an "acoustic neuroma," a large tumor, at the base of the left side of his brain. The tumor was removed in a series of four operations (two in 1978, one in 1980, one in 1981). Chinnock suffered permanent damage resulting in chronic headaches, pain, par-

tial facial paralysis, and diminished coordination and strength.

In 1981, he applied for veterans' disability benefits, claiming that his tumor was causally related to his exposure to radiation during active duty. The Air Force had disposed of the safety reports from his accident. The Air Force therefore created three dosage reconstruction reports for use by the VA in its consideration of Chinnock's claim. The reports were based on the urinalysis, Geiger counter and film badge readings for Chinnock's overall service exposure to certain forms of radiation, Chinnock's recollection of Geiger counter and film badge readings for the day of the accident, and Air Force assumptions about the type of radioactive material involved in the accident. The Air Force reports concluded that Chinnock's exposure to radiation while he was in the service was "low level" and had not caused his tumor and disability.

On June 14, 1982, the VA denied Chinnock's claim on the grounds that his tumor was not attributable to radiation exposure, there was no evidence that his condition originated in service or during the presumptive period, and there was no evidence of residuals of radiation exposure. On June 28, 1982, Chinnock filed a notice of disagreement with the VA's decision. Chinnock continued to submit additional evidence, which the VA considered as it continued to deny his application for benefits.

Chinnock believed that the Air Force's assumptions about the type of radioactive material involved were wrong. He requested a secure hearing before officers authorized to receive classified information so that he would be able to testify as to what the material really was, but the VA denied his request. He was given a hearing before a three-member panel of the Board of Veterans' Appeals on September 2, 1987, where he raised the security problem again. On January 19, 1988, the Board issued its decision, agreeing with the Air Force reports and denying Chinnock's request for benefits. The Board's Conclusion of Law was that:

> Residuals of radiation exposure, to include acoustic neuroma, were not incurred in or aggravated by military service, nor may its incurrence be presumed. (38 U.S.C. 301, 310, 312, 313; 38 C.F.R. 3.102, 3.307, 3.309, 3.311b, 4.3).

The Board held that Chinnock had not established service connection "for residuals of radiation exposure." Chinnock then filed an action in federal court against the administrator of the VA.[1] Chinnock claimed that he had been deprived of due process by the denial of his request for a hearing before officers with security clearances, and that the case should be remanded for proceedings consistent with due process.

On August 24, 1990, the district court granted the Government's motion for summary judgment on the grounds that the agency's procedures were adequate and fair, and that an additional proceeding was unnecessary because Chinnock was ineligible for benefits under existing VA regulations. Chinnock filed a timely appeal to this court. We now review de novo the district court order granting summary judgment. *Ford v. Manufacturers Hanover Mortgage Corp.*, 831 F.2d 1520, 1523 (9th Cir.1987).

## II.

■ This appeal calls upon us to consider the operation of 38 C.F.R. § 3.311b, which applies to veterans' disability benefits claims, such as Chinnock's, based on exposure to ionizing radiation. Section 3.311b(b)(1) establishes the procedure for the VA's initial review of such claims. That subsection sets forth three requirements which a claim must meet before it can be determined that the disabling disease in question has resulted from exposure to ionizing radiation, and that the claimant therefore is entitled to disability benefits. Those three requirements are: (1) the veteran was exposed to ionizing radiation while in service; (2) the veteran subsequently developed a radiogenic disease specified in

---

1. All appeals initiated by a notice of disagreement in the administrative process occurring on or after November 18, 1988, the effective date of the Veterans' Judicial Review Act, are now subject to judicial review by the Court of Veterans' Appeals. 38 U.S.C. §§ 4052, 4061(a) (1988). However, this appeal was initiated prior to November 18, 1988.

§ 3.311b(b)(2); and (3) the disease first became manifest within the period specified in § 3.311b(b)(4). Chinnock's affliction is not among those listed in § 3.311b(b)(2), therefore his claim clearly fails to satisfy the second requirement.

The dispositive question in this appeal is whether the list of diseases in § 3.311b(b)(2) is *exclusive*—that is, whether these are the *only* radiation-caused diseases for which a veteran may receive disability benefits, or whether a veteran may attempt to prove that he or she is entitled to benefits based on a disease which is not listed.

█ As a general matter, to qualify for benefits a veteran must show that his or her disability is "service-connected"—that is, that the disability was incurred or aggravated in the line of active duty. 38 U.S.C. § 101(16). VA regulations provide that a veteran may establish service connection by directly proving a causal connection between the disability and active service, or by relying on certain presumptions. 38 C.F.R. §§ 3.303, 3.304, 3.306, 3.307, 3.309. Specifically for disability claims based on exposure to ionizing radiation, a veteran establishes service connection by satisfying the three requirements in § 3.311b(b)(1) discussed above.

Chinnock concedes that his claim does not satisfy the § 3.311b(b)(1) requirements, but he argues that he may nevertheless seek to establish that his disability is service-connected by submitting direct proof that his radiation exposure during active service caused his acoustic neuroma. In other words, he argues that § 3.311b does not provide the *exclusive* means by which a radiation-exposed veteran may attempt to establish service connection, and that he may therefore try to prove under § 3.303(a), (d) and § 3.304 that his disease was incurred during service as a result of radiation exposure. He then argues that he was deprived of due process in his effort to establish service connection under §§ 3.303 and 3.304 because he was unable to present necessary classified information in support of his claim.

Chinnock bases his argument that § 3.311b is not the exclusive avenue for establishing that a radiation-caused disease is service-connected on subsection (h) of that regulation. The version of § 3.311b(h) that applied at the time Chinnock initiated this case provides that "[n]othing in this section will be construed to prevent the establishment of service connection for any injury or disease otherwise shown by sound scientific or medical evidence to have been incurred or aggravated during active service." Chinnock reads subsection (h) to permit him to "otherwise" show by sound evidence that his disease is service-connected. Under Chinnock's reading, it does not matter that his disease is not among those listed in § 3.311b(b)(2).

█ We find that we are without jurisdiction to evaluate Chinnock's interpretation, or to interpret the regulation ourselves. The VA has conclusively determined that the list of diseases in § 3.311b(b)(2) is exclusive and that § 3.311b(h) is not meant to indicate otherwise. We conclude that we have no authority to substitute our construction of the regulation for that of the VA.

The VA recently amended § 3.311b(h) to clarify that § 3.311b(b)(2) "is meant to be an exclusive list of radiogenic conditions for which service connection may be granted." 58 Fed.Reg. 16,358 (1993). The VA has noted, in information published along with the amended rule, that the "previous wording of § 3.311b(h) might have been misinterpreted to mean that a veteran, rather than VA, may establish that a disease not included in § 3.311b(b)(2) resulted from exposure to ionizing radiation and should therefore be service-connected based on 'sound scientific or medical evidence.'" *Id.* In order to clarify when service connection can be established based on exposure to ionizing radiation, the VA amended subsection (h), effective March 26, 1993, to now read:

Nothing in this section will be construed to prevent the establishment of service connection for any disease or injury shown to have been incurred or aggravated during active service in accordance with §§ 3.304, 3.306, 3.307, or 3.309. However, service connection will not be established under this section, or any other section except for §§ 3.309(d) or 3.310(a), on the basis of exposure to ionizing radiation and the subsequent development of any disease not

specified in paragraph (b)(2) of this section.

*Id.* at 16,359. The plain meaning of this language is that for claims based on exposure to ionizing radiation, a veteran can establish service connection *only* for diseases listed in § 3.311b(b)(2), or under §§ 3.309(d) or 3.310(a), neither of which applies to Chinnock's claim. The VA's clarification of the meaning of this regulation undeniably refutes Chinnock's proffered interpretation.

Though the amended regulation obviously took effect after the VA's and district court's decisions in this matter, it affects our analysis in two ways. First and most important, the amended regulation would apply on remand to the VA; thus, it would be pointless for us to direct that agency to give Chinnock the additional process he requests, that is, a secure hearing at which he could present evidence of the causal connection between his radiation exposure and his disease. Under the amended regulation, it is clear that Chinnock could not, on remand, establish service connection on the basis of his acoustic neuroma, which is not among the diseases listed in § 3.311b(b)(2).

Second, the fact that the purpose of the amended regulation is "to clarify" the proper interpretation of § 3.311b(h), 58 Fed.Reg. at 16,358, indicates to us that the amendment reflects the VA's interpretation of the prior subsection (h). We have other evidence as well of the VA's interpretation of this regulation previous to its amendment. A July 1990 opinion of the VA General Counsel determined that the list of diseases in § 3.311b(b)(2) "is exclusive." O.G.C. Precedent 69–90 (1990). Under 38 C.F.R. § 14.-507(a), this opinion is conclusive authority which we do not have jurisdiction to review. 38 U.S.C. § 511;[2] *see Tietjen v. U.S. Veterans Admin.*, 884 F.2d 514, 515 (9th Cir.1989) (Section 211(a), predecessor to § 511, "pre-

cludes judicial review of the Administrator's decisions of law or fact concerning the administration of benefits legislation."). Indeed, even if the VA had not amended § 3.311b, we would be bound by the VA's interpretation of that regulation in the General Counsel opinion, and would thus conclude on that basis that remand would be futile. *See Combee v. Principi,* 4 Vet.App. 78 (1993) (based on O.G.C. Precedent 69–90, court concluded that list of diseases in § 3.311b(b)(2) is exclusive, and that VA interpretation of list as exclusive is reasonable in light of relevant statutes, regulations and legislative history).

Chinnock contends that any interpretation of the list of diseases in § 3.311b(b)(2) as exclusive is inconsistent with the statutes under which the VA promulgated that regulation. The government responds that Chinnock waived this argument by not raising it below, and that in any event the regulation is consistent with the governing statutes. We conclude that we lack jurisdiction to resolve this dispute. Under 38 U.S.C. § 502, VA rulemaking is subject to judicial review only in the Federal Circuit.

In summary, we hold that in light of the amended § 3.311b, as well as the VA's interpretation (which we may not review) of the prior version of that regulation, remand to the VA for a secure hearing would be futile. A hearing before officers authorized to receive classified information would be pointless because Chinnock is not entitled to prove that his acoustic neuroma, which is not among the diseases listed in § 3.311b(b)(2), is service-connected. Because the additional hearing which Chinnock requests would not alter the VA's denial of his claim, the lack of such a hearing could not possibly violate Chinnock's constitutional right to due process. We therefore affirm the decision of the

---

**2.** Section 511(a) provides: "Subject to subsection (b), the decision of the Secretary [formerly Administrator] as to any [decision of law] shall be final and conclusive and may not be reviewed by any other official or by any court...." Subsection (b)(1) states that among the matters to which this preclusion of judicial review does *not* apply are "matters subject to section 502 of this title." Title 38 U.S.C. § 502 provides: "An ac-

tion of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers ... is subject to judicial review." Precedent opinions by the General Counsel are subject to 5 U.S.C. § 552(a)(1), according to 38 C.F.R. § 14.507(b), and are therefore reviewable, but *"only* in the United States Court of Appeals for the Federal Circuit." 38 U.S.C. § 502 (emphasis added).

district court granting the government's motion for summary judgment.

AFFIRMED.