SCHROEDER, Senior Circuit Judge,
dissenting:
“Let me see if I’ve got this straight: in order to be grounded, I’ve got to be crazy and I must be crazy to keep flying. But if I ask to be grounded, that means I’m not crazy any more and I have to keep flying.” Catchr-22 (Paramount Pictures 1970), adaptation of the novel by Joseph Heller (1961).
I agree with the majority’s holding that the district court had jurisdiction to consider the claim brought by the plaintiff-veterans organizations that the procedures used in the handling of the initial filing of benefits claims are inadequate. I further agree with affirming the denial of that claim on the merits, because what Plaintiffs seek is inconsistent with the congressional purpose of simplified, nonadversarial proceedings. See Walters v. Nat’l Assoc, of Radiation Survivors, 473 U.S. 305, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985).
Because I agree with the majority’s holding that there is jurisdiction to consider that claim of inadequate procedures, however, I am confounded by the majority’s holding that the district court lacked jurisdiction to consider claims that other procedural inadequacies are causing intolerable systemic delays in the VA’s processing of benefits claims and in providing mental health services. While review of substantive benefits decisions is, of course, limited to the Court of Appeals for Veterans Claims (the “Court of Veterans Ap *1038 peals”) and the Federal Circuit under 38 U.S.C. § 511, the claims of systemic delay do not, in my view, require any review of the VA’s actual benefits decisions.
The majority thus leaves millions of veterans — present, past, and future — without any available redress for claims that they face years of delay in having their rights to hard-earned benefits determined. No one could think this is just or what Congress intended.
The language and history of § 511 demonstrate instead to me that Congress did not leave veterans without any forum to challenge the way the system is operating. The district court should be able to hear a systemic challenge, because § 511 does not pertain to such a challenge. Section 511 is about actual benefits decisions. It refers to “questions of law and fact necessary to a decision by the Secretary.” It then provides that the “decision of the Secretary as to any such question” shall be subject only to review by the veterans courts and Federal Circuit. See 38 U.S.C. §§ 7104(a), 7252(a), 7266(a), 7292(a). The purpose of the administrative veterans courts is to decide whether individual veterans are entitled to benefits. The statute therefore must be referring to an actual decision by the Secretary granting or denying benefits.
This is apparent from Congress’ use of the term “decision” in the provision that requires the Secretary to give a claimant notice “of a decision by the Secretary under section 511 of this title affecting the provision of benefits to a claimant.” 38 U.S.C. § 5104(a). This must mean a decision granting or denying benefits. It cannot include a decision to delay making a decision. Yet that is the senseless majority conclusion. See Op. at 1025, 1029 n. 20.
Plaintiffs do not challenge any “decision of the Secretary.” Plaintiffs seek injunctive relief affecting the procedures that the Regional Offices, the Board of Veterans Appeals, and the Court of Veterans Appeals utilize to process and decide claims. The complaint alleges a denial of due process because allegedly unreasonable delays deprive Plaintiffs’ members of property, i.e. benefits, without due process of law. Such a claim can be established by showing that there is a risk of wrongful deprivation. See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Accordingly, I conclude the district court had jurisdiction to consider all of the claims alleged in Plaintiffs’ complaint.
The fundamental flaw in the majority’s reasoning is its mistaken assumption that adjudication of Plaintiffs’ systemic delay claims requires individualized examination of actual benefits determinations. Plaintiffs’ concern is not with the substance of any benefits decision. Their concern is with process. Courts have routinely considered claims that excessive delay has resulted in a denial of due process. See, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (delay of administrative hearing would at some point become a constitutional violation); Fusari v. Steinberg, 419 U.S. 379, 389, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975) (length of delay important factor); Kraebel v. NYC Dep’t of Housing Pres, and Dev., 959 F.2d 395, 405 (2d Cir.1992); Schroeder v. City of Chicago, 927 F.2d 957, 960 (7th Cir.1991) (“Justice delayed is justice denied, the saying goes: and at some point delay must ripen into deprivation, because otherwise a suit alleging deprivation would be forever premature”); Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990) (delay in state appeal); Rodrigues v. Donovan, 769 F.2d 1344, 1348-49 (9th Cir.1985); Kelly v. R.R. Ret. Bd., 625 F.2d 486, 490-91 (3d Cir.1980) (four year delay in reviewing disability application). Indeed, the district court did decide the merits of Plaintiffs’ claim of *1039 unreasonable delay in the VA’s provision of mental health services, and a majority of the three-judge panel held it should have fashioned some relief. Veterans for Common Sense v. Shinseki, 644 F.3d 845, 878 (9th Cir.2011).
There may be sound reasons for courts to be wary of intruding too much on the day-to-day operation of the executive branch. See Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). But §511 should not be an absolute bar to district court jurisdiction for claims of due process denials on account of systemic delay. The principle which the majority announces for its contrary holding is that because of § 511, veterans cannot bring any constitutional challenge in district court that might affect a benefits decision, including the way it is processed. The case law does not support that principle.
The case law, as I understand it, reflects a clear delineation between claims that represent direct or indirect challenges to actual benefits decisions, and for which district court jurisdiction is lacking, and claims that would have no effect on the substance of any actual benefit award, and thus where § 511 is no bar. In the Ninth Circuit, our decisions in Chinnock v. Turnage, 995 F.2d 889 (9th Cir.1993), and Hicks v. Small, 69 F.3d 967 (9th Cir.1995), represent direct and indirect challenges to actual benefits decisions, where we properly found that district court jurisdiction was lacking. In Chinnock, the plaintiff-veteran brought a direct challenge in district court to the denial of his benefits by asking that court to review the VA’s interpretation of a regulation that resulted in the denial. 995 F.2d at 890. We held the district court lacked jurisdiction. Id. In Hicks, the plaintiff filed a Bivens action in district court against a VA doctor for conduct that allegedly reduced his benefits, and we held this was also a challenge, albeit indirect, to the denial of benefits. 69 F.3d at 968-70. In contrast, we have held that a veteran can sue in district court for tort claims unrelated to his benefits determination. See Littlejohn v. United States, 321 F.3d 915 (9th Cir.2003). In Littlejohn, the plaintiff brought a Federal Tort Claims Act (“FTCA”) action against VA doctors for negligence. Id. at 918. We held there was jurisdiction because adjudication of the tort claim would have no effect on his benefits award. Id. at 921.
The decisions of other circuits are in accord. In Weaver v. United States, 98 F.3d 518, 520 (10th Cir.1996), the Tenth Circuit held that where the veteran tried to sue the VA for conspiracy and fraud in concealing records that resulted in a denial of benefits, the district court lacked jurisdiction. Like our decision in Hicks, Weaver reflected an indirect challenge to the denial of benefits. The Eighth Circuit in In re Russell, 155 F.3d 1012 (8th Cir.1998) (per curiam), refused to issue a writ of mandamus to require the VA courts to act on a request for benefits pending in the Court of Veterans Appeals. Relying on Beamon v. Brown, 125 F.3d 965, 974 (6th Cir.1997), the Russell court reasoned that under the Veterans Judicial Review Act and the All Writs Act, only the Court of Veterans Appeals and Federal Circuit had the power to require the VA to act with respect to a particular claim for benefits. 155 F.3d at 1012-13.
Beamon is relied upon by the majority to support its holding, but Beamon is, in fact, consistent with my understanding of the cases. Beamon concerned a claim in the district court for injunctive relief by plaintiffs who were pursuing their individual claims for benefits in the VA administrative courts. 125 F.3d at 966. The Sixth Circuit held that under § 511, the plaintiffs’ avenue of relief from the delay in each of their cases was to seek a writ of mandamus from the Court of Veterans *1040 Appeals pursuant to the All Writs Act, 28 U.S.C. § 1651(a). See Beamon, 125 F.3d at 968-70. The Sixth Circuit, however, did not view the plaintiffs’ allegations to be a systemic due process challenge similar to the one before us. It characterized the plaintiffs’ “bare allegations” of procedural delays as being “closer to challenges to individual benefit decisions than a constitutional” attack on VA procedures. Id. at 973 n. 5. That is why I believe it does not support the majority’s conclusion that Plaintiffs here cannot sue for the systemic denial of due process. As the majority does recognize, op. at 1034-35, the plaintiffs in Beamon were individuals whose interests were primarily personal and not, as here, organizations whose concerns must reflect the operation of the system in all cases. Thus although the majority attempts to draw from the cases a rule that any claim concerning the VA’s conduct during benefits proceedings is outside the jurisdiction of the district court, the cases actually establish only that challenges to particular benefits decisions cannot be brought in district court and must be brought in the VA administrative courts.
The federal courts have, in fact, repeatedly entertained challenges to statutes or procedures affecting the conduct of VA claims adjudication. The Second Circuit in Disabled American Veterans v. U.S. Department of Veterans Affairs, 962 F.2d 136, 137-38 (2d Cir.1992), considered an equal protection challenge to a statute that eliminated the availability of veterans’ family benefits in certain circumstances. The Second Circuit held there was jurisdiction to consider the equal protection challenge, because consideration of such a constitutional claim did not involve review of any individual benefits determination. Id. at 140-41; see also Larrabee ex rel. Jones, 968 F.2d 1497, 1501 (2d Cir.1992) (rejecting a challenge of inadequate care and noting that “district courts continue to have jurisdiction to hear facial challenges of legislation affecting veterans’ benefits” (internal quotation marks and citation omitted) (emphasis in original)); Zuspann v. Brown, 60 F.3d 1156, 1159 (5th Cir.1995) (district court would have jurisdiction over a facial challenge to an act of Congress).
Applying a similar principle, the D.C. Circuit in Broudy v. Mather, 460 F.3d 106, 108, 115 (D.C.Cir.2006), held the district court had jurisdiction to consider claims of veterans who contended VA officials denied them their constitutional right of meaningful access to administrative proceedings. The veterans alleged the VA withheld accurate information about their exposure to radiation and thereby rendered access to VA administrative proceedings meaningless. Id. at 108-11. Jurisdiction existed because the case was “not about whether they should have received Government compensation for their sickness,” but whether they were denied meaningful access to administrative proceedings before the VA. Id. at 108.
The D.C. Circuit’s decision in Broudy is particularly instructive here, because the court there reviewed its prior decisions in Price v. United States, 228 F.3d 420 (D.C.Cir.2000) (per curiam), and Thomas v. Principi, 394 F.3d 970 (D.C.Cir.2005). These are decisions on which the majority here relies in concluding that § 511 has nearly universal sweep. Yet, as Broudy recognized, those cases actually concern attempts to second guess actual benefits determinations. See 460 F.3d at 114-15.
In Price, an individual veteran filed a complaint in the district court alleging that the VA wrongfully failed to reimburse him for certain medical expenses. 228 F.3d at 421. The D.C. Circuit held that even construing his complaint as alleging a federal tort claim for intentional or negligent failure to pay medical bills, the district court lacked jurisdiction because the plaintiff *1041 was indirectly seeking review of his benefits determination. Id. at 422. This was because “a necessary predicate of [the plaintiffs] claim [was] a determination that the [VA] acted in bad faith.” Id. Since determining whether the VA acted in bad faith, or was negligent, would require the district court to determine first whether the VA acted properly in handling Price’s request for reimbursement, i.e. awarded proper benefits, judicial review was foreclosed by § 511(a). Id. The court explained that “the district court lacked jurisdiction to consider [the plaintiffs] federal claim because the underlying claim [was] an allegation that the VA unjustifiably denied him a veterans’ benefit.” Id. at 421.
Similarly, in Thomas, the VA had denied an individual veteran’s claim for benefits, and the plaintiff-veteran filed a federal tort claim in district court. 394 F.3d at 972. He alleged claims that the VA committed medical malpractice by failing to inform him that he had a mental illness and in failing to provide him with medical services appropriate for his condition. Id. The court, following Price, held that only those allegations that the VA deprived him of medical care were barred by § 511, because review of such claims would require the “district court to determine first whether the VA acted properly in providing Thomas benefits.” Id. at 974-75 (quoting Price, 228 F.3d at 422). The court held it did have jurisdiction over the claims alleging failure-to-inform, because they did not involve reviewing any issues decided by the VA in the benefits determination. Id. The Price and Thomas cases therefore do not support the majority.
The D.C. Circuit in Broudy later summed it up when it said that district courts “have jurisdiction to consider questions arising under laws that affect the provision of benefits so long as the Secretary has not actually decided them in the course of a benefits proceeding.” 460 F.3d at 114. Broudy expressly rejected the government’s argument (that had been premised on a phrase used in Price and quoted in Thomas) that § 511 barred any district court consideration of procedural matters relating to the conduct of benefits proceedings. Id. at 114r-15. The relevant phrase in those cases described § 511’s preclusive scope as encompassing “whether the VA ‘acted properly’ in handling” the veterans claims for benefits. Id. at 115. The Government had contended that the phrase “acted properly” meant that the district court lacked jurisdiction to consider any suit that challenged any aspect of the handling of claims, including procedures. Id. at 114-15.
The D.C. Circuit in Broudy went to some pains to make it clear that the district court lacked jurisdiction to review only the “actual decisions” denying benefits. The court said:
Section 511(a) does not give the VA exclusive jurisdiction to construe laws affecting the provision of veterans benefits or to consider all issues that might somehow touch upon whether someone receives veterans benefits. Rather, it simply gives the VA authority to consider such questions when making a decision about benefits, ... and, more importantly for the question of our jurisdiction, prevents district courts from reviewing the Secretary’s decision once made....
Broudy, 460 F.3d at 112 (internal quotation marks and citations omitted) (emphasis in original). The D.C. Circuit has since confirmed this narrow interpretation of § 511’s bar. See Vietnam Veterans of Am. v. Shinseki, 599 F.3d 654, 659 (D.C.Cir.2010) (noting that in Broudy, it deemed " “that only questions ‘explicitly considered’ by the Secretary [in making a benefits determination] would be barred *1042 by § 511, not questions he could be ‘deemed to have decided’ or, presumably, implicitly decided” (emphasis in the original)).
The upshot of the majority’s holding with respect to the claims of systemic delay is that veterans have no place to go to adjudicate such claims. The majority may believe that there is an adequate remedy for unreasonable delay by means of individual mandamus proceedings in the Court of Veterans Appeals or the Federal Circuit to require the VA administrative courts to act more promptly. Op. at 1028 n. 18, 1032. Yet such an extraordinary writ is rarely granted. See Erspamer v. Derwinski, 1 Vet.App. 3, 9-11 (1990) (declining to issue the writ even after concluding that a delay of ten years for benefits was unreasonable). The writ is not binding in any case other than the case in question, see Star Editorial, Inc. v. United States Dist. Court, 7 F.3d 856, 859 (9th Cir.1993) (reasoning that whether to grant the writ is based on the facts of the individual case), and thus would have no affect on the procedures that apply to the millions of potential claims represented by these Plaintiffs.
The majority’s position appears to rest principally upon another aspect of the D.C. Circuit’s opinion in Vietnam Veterans of America. The plaintiffs in that case framed their attack on the appeals process as an attack on “average” delay, rather than on delay in the handling of any particular case. Vietnam Veterans of Am., 599 F.3d at 661-62. The court held that since no plaintiff could show an injury caused by “average” delay, the plaintiffs lacked standing to assert the claim. Id. at 662. The court did not discuss whether the plaintiffs might use past evidence of aggregate delay to demonstrate a risk of a wrongful deprivation of property in the future. See Mathews, 424 U.S. at 335, 96 S.Ct. 893.
Vietnam Veterans focused on the causal relationship of the harm alleged in the complaint, “average delay,” to the actual harm suffered by individuals. 599 F.3d at 661-62. The court concluded there was no causal nexus sufficient to confer standing. Id. The majority accepts this reasoning and goes much further to conclude that any claim to remedy a systemic delay must be treated as a challenge to individual benefits determinations, hence reviewable only in the Veterans Court of Appeals and Federal Circuit, and thus condemning veterans to suffer intolerable delays inherent in the VA system.
The majority’s holding thus reduces itself to a “Catch 22”: To challenge delays in the system, you must bring a systemic claim and not just an individual claim. But if you bring a systemic claim, it has to be treated as an individual claim and you must suffer the delays in the system. Get it?