NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS MONTGOMERY, husband;
MYSHELL MOLINA, wife,

Plaintiffs-Appellants,

v.

UNION PACIFIC RAILROAD
COMPANY,

Defendant-Appellee.

No.    20-15327

D.C. No. 4:17-cv-00201-RM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted May 3, 2021
Portland, Oregon

Before:  W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Plaintiff Thomas Montgomery applied for a train crew position with

Defendant Union Pacific Railroad Company ("Union Pacific").  He received a

conditional job offer, but that offer was rescinded after Union Pacific learned of a

brain aneurism he had suffered years prior.  Montgomery and his wife, Myshell

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Molina (collectively, "Plaintiffs"), sued Union Pacific, alleging that it had maintained an unlawful screening policy in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), (b)(6).[1] The case went to trial, but after the jury failed to reach a verdict, the district court declared a mistrial and granted Union Pacific's renewed motion for judgment as a matter of law ("JMOL"). The court concluded that Plaintiffs had failed to put forth any evidence that Montgomery could perform the essential functions of the train crew position. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Union Pacific is entitled to JMOL because Montgomery cannot establish that he is a "qualified individual" for purposes of the ADA.[2] Unrebutted evidence demonstrated that having had zero work-related safety violations in the two years prior to applying was a prerequisite for the train crew position. *See Bates v. United Parcel Serv.*, 511 F.3d 974, 990 (9th Cir. 2007) (en banc) (accepting that having a

---

[1] Plaintiffs asserted other claims but dismissed them before trial.

[2] Plaintiffs contend that, pursuant to the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008), an ADA plaintiff bringing an unlawful screening claim under 42 U.S.C. § 12112(b)(6) need not prove that he is a qualified individual. But Plaintiffs cannot point to a single case adopting this interpretation of the ADAAA, and we see no evidence that Congress intended to alter the "qualified individual" requirement through the ADAAA. *See* 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against *a qualified individual* on the basis of disability . . . ." (emphasis added)). Accordingly, we reject Plaintiffs' novel interpretation of the ADAAA.

"clean driving record by UPS's local standards" was a valid job prerequisite for purposes of determining whether ADA plaintiffs were qualified). Yet shortly before applying for the train crew position, Montgomery caused a train car derailment at BNSF Railway, his prior employer, by "fail[ing] to switch safely and efficiently." Moreover, one year prior to the derailment, Montgomery had been fired from his job at Gale Insulation. Montgomery repeatedly lied about both events to obtain his conditional job offer from Union Pacific. The record established that, had Montgomery disclosed the derailment and his termination from Gale Insulation, he would have been deemed unqualified by Union Pacific, and his application would have been rejected outright.

The district court erred by bifurcating trial and excluding this evidence from the jury at the liability phase. Even though Union Pacific discovered the derailment and Montgomery's termination after it had already revoked Montgomery's conditional job offer, the company nonetheless was entitled to rely on this after-acquired evidence to show that Montgomery was not qualified for the position. *See Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1131 (9th Cir. 2020) ("[A]fter-acquired evidence remains available . . . to show that an individual is not qualified under the ADA."). That said, a remand for further proceedings would be futile because the end result would necessarily be the same. *Cf. Chinnock v. Turnage*, 995 F.2d 889, 893 (9th Cir. 1993) (holding that remand "would be

3

pointless" because plaintiff could not prove he was entitled to benefits as a matter of law); *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1285 (9th Cir. 1982) (concluding that "remand would be futile" because the facts of the case support only one conclusion). The after-acquired evidence leaves no room for doubt that Montgomery was unqualified as a matter of law.[3]

**AFFIRMED.**

---

[3] Legal Aid at Work, the AIDS Legal Referral Panel, the Arizona Center for Disability Law, Disability Rights Advocates, Disability Rights Education and Defense Fund, Disability Rights Legal Center, and Impact Fund moved for leave to file an amicus brief. *See* Dkt. Nos. 15, 16. That motion is hereby granted.

4