George McNABB, Plaintiff–Appellee,

v.

Richard W. RILEY, Secretary of the United States Department of Education, Defendant–Appellant,

Arkansas Department of Human Services, Division of Services for the Blind, Defendant.

No. 93–2877.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1994.

Decided July 21, 1994.

Jeffrica J. Lee, Dept. of Justice, Washington, DC, argued (Frank W. Hunger, Paula J. Casey and William Kanter, on the brief), for appellant.

Melva Harmon, Little Rock, AR, argued, for appellee.

Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and KYLE,* District Judge.

LOKEN, Circuit Judge.

The Randolph–Sheppard Vending Stand Act, 20 U.S.C. §§ 107–107f (the "Act"), creates a complex federal-state administrative regime intended to give blind persons preferential opportunity to operate vending facilities on federal, state, and private premises. The Secretary of Education oversees implementation of the Act, but the day-to-day operations of the program, including licensing individual blind vendors and placing them in selected facilities, are conducted by state agencies designated and regulated by the Secretary. *See* 34 C.F.R. Part 395.

Under the Act's unusual remedial scheme, designated agencies are required to provide blind licensees dissatisfied with any agency action "an opportunity for a fair hearing." 20 U.S.C. § 107b(6). A blind licensee dissatisfied with the results of the state agency's hearing may file a complaint with the Secretary, who then convenes an arbitration panel to arbitrate the dispute between the licensed blind vendor and the state agency. *See* 20 U.S.C. §§ 107d–1(a), 107d–2. For a detailed description of the Act's administrative and remedial structure, see *Georgia Dep't of Human Resources v. Nash,* 915 F.2d 1482 (11th Cir.1990).

In this case, an arbitration panel declared that licensed blind vendor George McNabb is entitled to payment by the Secretary of attorney's fees McNabb incurred in successfully arbitrating a grievance against the Arkansas Department of Human Services ("DHS"), a designated agency under the Act. The

district court enforced that portion of the award, concluding that such an award is authorized by § 107d–2(d), which provides: "The Secretary shall pay all reasonable costs of arbitration under this section in accordance with a schedule of fees and expenses he shall publish in the Federal Register." The Secretary appeals. Having concluded that attorney's fees are not "costs of arbitration" under § 107d–2(d), we reverse.

**I.**

In December 1983, an arbitration panel ruled that DHS had wrongfully awarded bids for new vending facilities to blind licensees with less seniority than McNabb. The panel ordered DHS to assign McNabb to the first available comparable facility. It reserved the question whether McNabb was also entitled to back pay, attorney's fees, and costs, noting that those issues were then in litigation in the Third Circuit and that the Secretary construed the Act not to authorize payment of attorney's fees.

In October 1985, after accepting a new assignment, McNabb petitioned the Secretary to reconvene the arbitration panel to consider his claims for back pay, attorney's fees, and costs. The Secretary refused on the ground that the panel was without authority to grant such relief. McNabb sought judicial review, and this court ordered the Secretary to reconvene the panel, concluding in a per curiam opinion that "the arbitration panel is authorized to award prospective damages from the date of the panel's [initial] decision ... to the date McNabb accepted assignment to a new vending facility." *McNabb v. United States Dep't of Educ.,* 862 F.2d 681, 683–84 (8th Cir.1988) (per curiam), *cert. denied,* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 23 (1989) (*"McNabb I"*).[1]

The reconvened panel issued its award in February 1991. On the question of attorney's fees, the panel first found that McNabb's attorney devoted 390.91 billable

---

* The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

1. Each member of the panel wrote a separate concurring and dissenting opinion. The per cu-

riam opinion explains the operative holding which the panel derived from these fractured views.

hours to these protracted proceedings and that $120 per hour is a reasonable billing rate for this attorney, findings that are not at issue on this appeal. The panel concluded that McNabb is entitled to an award of those fees. It also concluded that "a significant portion of the attorney fees and expenses of [McNabb] are in connection with litigation in which the Department of Education was a party adverse to [McNabb] rather than a provider of arbitration service to [McNabb]." The panel ordered DHS to pay all attorney's fees incurred between April 10, 1986, and January 10, 1990, while the *McNabb I* judicial review was in progress.[2] The panel further declared that the Secretary, though not a party to the arbitration, should pay attorney's fees incurred by McNabb before April 10, 1986, and after January 10, 1990—the arbitration phases of these proceedings—as "costs of arbitration" under § 107d–2(d).

When the Secretary and DHS refused to pay, McNabb commenced this action to enforce the arbitration award. The district court granted summary judgment for McNabb, enforcing the award in its entirety. The Secretary appeals, arguing that § 107d–2(d) does not authorize an award of attorney's fees against the Secretary. Though the Secretary urges us to defer to his interpretation of the statute, we conclude that this issue should be reviewed *de novo.*

## II.

■ Before turning to the merits of the attorney's fees issue, two threshold questions deserve consideration. First, McNabb argues that *McNabb I* established as law of the case that the statute authorizes the award of attorney's fees against the Secretary because two of the separate opinions so stated. We disagree. The law of the case is limited to legal issues expressly or impliedly decided in

*McNabb I.* See, e.g., Borchers v. Commissioner, 943 F.2d 22, 23 (8th Cir.1991). Because the *McNabb I* panel carefully summarized its holdings in a per curiam opinion, the law of the case must be found within the four corners of that opinion, which is silent on the issue of attorney's fees. Moreover, while all three separate opinions discussed attorney's fees issues, both Judge Lay and Judge Fagg expressly left the question of the authority to award attorney's fees for initial consideration by the reconvened arbitration panel, confirming that the issue is not part of the law of the case on this appeal. *See McNabb I,* 862 F.2d at 685, 687.

■ Second, we are concerned that the district court order enforces an arbitration award against the Secretary, who was not a party to the arbitration. Only two types of respondents may be *compelled* to arbitrate under the Act, state agencies on the complaint of licensees, § 107d–1(a), and federal agencies on the complaint of state agencies, § 107d–1(b). Perhaps the Secretary could consent to participate in a § 107d–1(a) arbitration, but in this case, although invited to intervene, he declined to do so. In these circumstances, we conclude that the arbitration panel had no authority to issue a compulsory award against the Secretary. Its declaration that McNabb is "entitled to receive" attorney's fees from the Secretary is unenforceable, and the district court erred in judicially enforcing it. *Accord Georgia Dep't of Human Resources v. Bell,* 528 F.Supp. 17, 25 (N.D.Ga.1981), *rev'd on other grounds,* 915 F.2d 1482 (11th Cir.1990).

Our conclusion that the award against the Secretary is unenforceable arguably resolves this appeal. However, after nearly fifteen years of arbitration and litigation, the Secretary understandably does not urge us to

---

2. The panel justified this award under Ark.Code Ann. § 16–22–308, thereby avoiding issues that have divided other courts—whether the Act authorizes an award of attorney's fees against the state agency and, if so, whether the Eleventh Amendment bars enforcement in federal court. *Compare Delaware Dep't of Health and Social Servs. v. United States Dep't of Educ.,* 772 F.2d 1123, 1138–39 (3d Cir.1985) (attorney's fees may be awarded and enforced in federal court) *with Tennessee Dep't of Human Servs. v. United States*

*Dep't of Educ.,* 979 F.2d 1162, 1165, 1168–71 (6th Cir.1992) (attorney's fees may be awarded but Eleventh Amendment bars enforcement in federal court) *and Schlank v. Williams,* 572 A.2d 101, 108–10 (D.C.App.), *cert. denied,* 498 U.S. 938, 111 S.Ct. 341, 112 L.Ed.2d 306 (1990) (the Act does not authorize the award of attorney's fees against a state agency). DHS and McNabb have settled the attorney's fee award against DHS for $35,000, and we express no view on these issues.

reverse on a procedural ground that might result in further collateral litigation. Accordingly, we turn to the merits of the question whether § 107d–2(d) authorizes an award of attorney's fees against the Secretary.

### III.

■ "The starting point in interpreting a statute is its language." *Good Samaritan Hosp. v. Shalala,* —— U.S. ——, ——, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993). McNabb argues that the phrase "costs of arbitration" in § 107d–2(d) is clear and explicit authority for the attorney's fees award because the statutory term "costs" often includes attorney's fees. The Secretary relies on the lack of an express reference to attorney's fees in § 107d–2(d), arguing that authority to award such fees may not be read into a silent statute because "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Village, Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992) (internal quotations omitted). For two reasons, we conclude that the "costs of arbitration" the Secretary must pay under § 107d–2(d) do not include attorney's fees incurred by parties to the arbitration. One reason concerns fee-shifting statutes generally, the other is unique to this Act.

A. The term "costs of arbitration" in § 107d–2(d) is virtually unique in the United States Code.[3] But the term "costs" is common in federal statutes and rules that govern litigation. *See, e.g.,* Fed.R.Civ.P. 54(d). The general rule in this country is that a prevailing litigant, though entitled to statutory costs, may not collect attorney's fees from the loser. Congress's acquiescence is long-standing—since 1853, "it has not changed the general statutory rule that allowances for counsel fees are limited to the sums specified by the [federal] costs statute[s]," now 28 U.S.C. §§ 1920, 1923. *Alyeska Pipeline*

*Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 255, 95 S.Ct. 1612, 1620, 44 L.Ed.2d 141 (1975).

Consistent with this general rule, Congress by 1993 had enacted more than 150 federal statutes expressly authorizing an award of attorney's fees to the prevailing party in various types of federal litigation. *See* 2 Alba Conte, *Attorney Fee Awards* § 28.01 (1993). These statutes "typically fall into three broad categories: (A) [s]tatutes that refer to attorney's fees 'as part of the costs'"; (B) statutes that describe fees "as an item separate from costs"; and (C) statutes that "authorize the award of 'costs and expenses, including attorney's fees.'" *Marek v. Chesny,* 473 U.S. 1, 43–44, 105 S.Ct. 3012, 3034, 87 L.Ed.2d 1 (1985) (appendix to opinion of Brennan, J., dissenting). Congress has also on occasion expressly authorized the award of attorney's fees incurred during certain administrative proceedings. *See, e.g.,* Federal Coal Mine Safety and Health Act of 1977, 30 U.S.C. § 815(c)(3) ("all costs and expenses (including attorney's fees)").

These fee-shifting statutes all have one feature in common—they *expressly* authorize an award of attorney's fees. Thus, "the approach taken by Congress to this issue has been to carve out specific exceptions to a general rule that federal courts cannot award attorneys' fees beyond the limits of 28 U.S.C. § 1923." *Alyeska Pipeline,* 421 U.S. at 269, 95 S.Ct. at 1627. Congress having addressed this issue with great specificity in many different statutes, we cannot accept McNabb's contention that the statutory term "costs" implicitly includes attorney's fees, whether the term refers to the costs of litigation, of agency adjudication, of arbitration, or of other forms of dispute resolution.[4] *See Key Tronic Corp. v. United States,* —— U.S. ——, ——––——, 114 S.Ct. 1960, 1964–68, 128 L.Ed.2d 797 (1994).

---

**3.** Our search of the Code found this phrase in one other statute, 22 U.S.C. § 2183(b), part of the Foreign Assistance Act of 1961.

**4.** Indeed, all the fee-shifting statutes relied upon by McNabb expressly authorize the award of attorney's fees—42 U.S.C. § 1988 (court may

award "a reasonable attorney's fee as part of the costs"); 28 U.S.C. § 2412(b), (d)(2)(A) ("'fees and other expenses' includes ... reasonable attorney fees"); 22 U.S.C. § 2504(1) ("counsel fees, court costs, bail and other expenses ... may be paid").

B. Under § 107d–2, the Secretary's role in resolving disputes between blind licensees and state agencies is limited to convening an arbitration panel, publishing the panel's decision in the Federal Register, and paying the "costs of arbitration." As noted above, the Secretary is not a party to the arbitration proceeding and may not be held liable by the arbitration panel. Given this statutory remedial structure, requiring the Secretary to pay the attorney's fees of any party as "costs of arbitration" is inconsistent with the basic premise of fee-shifting statutes—"the crucial connection between liability for violation of federal law and liability for attorney's fees." *Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 762, 109 S.Ct. 2732, 2737, 105 L.Ed.2d 639 (1989) (fee-shifting provision of Title VII does not permit award of attorney's fees against innocent intervenors); *see also Kentucky v. Graham*, 473 U.S. 159, 164, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985) ("the party legally responsible for relief on the merits.... is clearly the party who should also bear fee liability under § 1988").

Section 107d–2(d) provides that the Secretary shall pay the "costs of arbitration *under this section.*" Given the Secretary's limited role in § 107d–2 arbitrations, we conclude that Congress intended in § 107d–2(d) simply to clarify that the Secretary, rather than the parties to the arbitration, will pay the fees and expenses incident to this dispute resolution mechanism, such as the costs of convening the arbitrators and of publishing their decision in the Federal Register. Thus, an award of attorney's fees to the prevailing party is beyond the reach of this statute.

The judgment of the district court is reversed and the case is remanded with instructions to dismiss McNabb's complaint against the Secretary.