# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2428

_____

|  | * |  |
|---|---|---|
|  | * |  |
| In re: Price S. Russell, | * |  |
|  | * | Petition for Writ of Mandamus. |
| Petitioner, | * | [PUBLISHED] |
|  | * |  |
|  | * |  |

_____

Submitted: August 27, 1998
Filed: September 16, 1998

_____

Before McMILLIAN, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Price S. Russell petitions the court for mandamus relief directing the Board of Veterans Appeals (BVA) and the United States Court of Veterans Appeals (CVA) to rule on the issues in his claim. In response the Department of Veterans Affairs (VA) seeks dismissal of the petition for lack of jurisdiction, arguing that jurisdiction over the claim lies exclusively with the CVA and the Federal Circuit. We agree with the government and dismiss the petition for lack of jurisdiction.

The United States retains sovereign immunity from lawsuits unless the government has consented to suit. See United States v. Mitchell, 463 U.S. 206, 212 (1983). Such a waiver of sovereign immunity must be unequivocal. See McNabb v. Riley, 29 F.3d 1303, 1306 (8th Cir. 1994) (citing United States v. Nordic Village, Inc.,

503 U.S. 30, 33 (1992)). It is well settled that the mandamus statute, 28 U.S.C. § 1361, does not provide a waiver of sovereign immunity. See Washington Legal Found. v. United States Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996); Essex v. Vinal, 499 F.2d 226, 231-32 (8th Cir. 1974), cert. denied, 419 U.S. 1107 (1975).

Under the Veterans Judicial Review Act of 1988 (VJRA), the VA Regional Office (RO) decides questions of law and fact relating to benefits decisions. See 38 U.S.C. § 511(a). The veteran may appeal the RO's decision to the BVA, which either issues a final decision or remands to the RO. See 38 U.S.C. § 7104. The final decision "may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise," 38 U.S.C. § 511(a), except in certain limited circumstances, see 38 U.S.C. § 511(b). The CVA has exclusive jurisdiction over appeals from final decisions by the BVA. See 38 U.S.C. § 7252(a). The CVA has the authority to issue writs pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and to "compel action of the Secretary unlawfully withheld or unreasonably delayed." See 38 U.S.C. § 7261(a)(2); Cox v. West, No. 98-7002, 1998 WL 397046, at *4 (Fed. Cir. July 16, 1998). The Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from the CVA. See 38 U.S.C. § 7292. A claimant may petition the United States Supreme Court for review of the decision of the Federal Circuit. See 38 U.S.C. § 7291.

Here, Russell alleges that a claim for service-connected disability benefits that he filed with the VA on March 27, 1987, has not yet been decided. The record reflects that his claim was denied by the RO in 1987, and was reconsidered and partially granted in 1992 based on a revision of the applicable law. The BVA ultimately upheld the partial denial, and his appeal to the CVA has been pending since late 1997.

The Sixth Circuit has recently addressed a case factually similar to the present case, in which veterans attempted to bring a class action lawsuit challenging the manner in which the VA processes its claims, alleging it leads to delays in receiving final

decisions. The Sixth Circuit held that it did not have subject matter jurisdiction over the veterans' claims. See Beamon v. Brown, 125 F.3d 965, 974 (6th Cir. 1997). The veterans argued that the Administrative Procedure Act (APA), 5 U.S.C. § 555(b), provided the necessary waiver of sovereign immunity. The court noted that the APA waives immunity only when the agency action is final and there is no other adequate remedy in a court. See 5 U.S.C. § 704. The Sixth Circuit held that the system of judicial review created by the VJRA provided an adequate alternate remedy. See Beamon, 125 F.3d at 967-68.

We find, as the Sixth Circuit did, that the United States has not waived its sovereign immunity as to review of VA procedures by any court other than the CVA, Federal Circuit, and Supreme Court. We further find that this court does not have jurisdiction to grant mandamus relief affecting the CVA. The All Writs Act provides that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651. Because this court does not have jurisdiction over appeals from the CVA, a writ of mandamus would not aid its jurisdiction.

Accordingly, the petition for a writ of mandamus is dismissed for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-