Donna HINTON, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 3:12–cv–00100.

United States District Court, S.D. Iowa, Davenport Division.

Jan. 25, 2013.

---

Gary L. Hayward, United States Attorney Second FLR Courthouse, Des Moines, IA, for Defendant.

Steven C. Jayne, Des Moines, IA, for Plaintiff.

## ORDER

ROBERT W. PRATT, District Judge.

Before the Court are two Motions filed by Donna Hinton ("Plaintiff"): 1) a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), filed November 21, 2012 (Clerk's No. 9); and 2) a Motion for Leave to File Amended Complaint, also filed November 21, 2012 (Clerk's No. 8). The Commissioner of Social Security ("Defendant") filed a resistance to the Motions on November 27, 2012. Clerk's No. 10. Plaintiff filed a Reply on December 7, 2012. Clerk's No. 11. The Court held a hearing on the Motions on January 14, 2013. Clerk's No. 14. The parties were additionally permitted to email supplemental authority to the Court following the hearing. The matters are fully submitted.

## I. BACKGROUND

On August 6, 2012, Plaintiff filed a Complaint seeking judicial review of a decision by Defendant. Clerk's No. 1. Specifically, Plaintiff alleged in her Complaint that: 1) she requested Social Security benefits; 2) her request was denied; 3) she timely requested reconsideration of the denial of benefits; 4) the request for reconsideration was denied; 5) she timely requested a hearing before an Administrative Law Judge ("ALJ") by mailing the proper forms to Defendant in a prepaid envelope provided by Defendant; 6) upon checking on the status of her request a few months later, she discovered that Defendant had not received her request for hearing; 7) she resubmitted the request for hearing with an explanation about the "lost filing"; 8) the request for hearing was denied for failing to request a hearing in a timely fashion; 9) she timely requested review before the Appeals Council; and 10) the Appeals Council denied review. *See generally* Clerk's No. 1. Plaintiff requested that the Court overrule Defendant's prior

decisions, find that her request for a hearing before an ALJ was timely, and remand the case for a proper hearing before the ALJ and a determination of benefits. *See id.*

On October 4, 2012, Defendant moved to dismiss Plaintiff's Complaint, arguing that the Court lacked jurisdiction to hear Plaintiff's claim under 42 U.S.C. §§ 405(g) and (h) because Plaintiff did not timely request a hearing before the ALJ following the reconsideration denial of her claim for disability benefits. Clerk's No. 4. Plaintiff resisted the Motion, contending that jurisdiction was proper for a variety of reasons. Clerk's No. 5. On October 26, 2012, the Court granted Defendant's request to dismiss Plaintiff's Complaint, concluding that jurisdiction was lacking because there was no "final decision" of Defendant that would be subject to judicial review under §§ 405(g) and (h). *See* Clerk's No. 6 (citing *Sheehan v. Secretary,* 593 F.2d 323, 325 (8th Cir.1979) and *Smith v. Heckler,* 761 F.2d 516, 518 (8th Cir.1985)).

Plaintiff's current Motion under Rule 59(e) alleges that the Court "did not address" Plaintiff's alternative bases for relief regarding a claim for mandamus relief under 28 U.S.C. § 1361. Plaintiff did not specifically plead mandamus in her Complaint, though she did allege therein that Defendant's holding that Plaintiff failed to submit a timely request for a hearing was arbitrary, capricious, and an abuse of discretion. *See generally* Clerk's No. 1. Moreover, Plaintiff argued in resistance to Defendant's Motion to Dismiss that mandamus was an appropriate basis to overrule Defendant's Motion. *See generally* Clerk's No. 5. To further remedy any possible deficiencies in the Complaint, Plaintiff proffers a proposed Amended Complaint that specifically cites § 1361, the mandamus statute.

## II. LAW AND ANALYSIS

### A. *Rule 59(e)*

 Rule 59(e) motions are intended to "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006). The Court has "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to 59(e)." *Id.*

### B. *Analysis*

 In the present Motion, Plaintiff requests that the Court rule on her request for mandamus, which she contends was implied in her initial Complaint, referenced in her resistance to Defendant's Motion to Dismiss, and explicitly asserted in the proposed Amended Complaint. The Court agrees that it did not address any implied or express request for mandamus in its October 26, 2012 Order. Accordingly, it is prudent to evaluate Plaintiff's arguments on this issue.

### 1. *Jurisdiction.*

Title 28, United States Code § 1361 provides: "The district courts shall have original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiff." Here, Plaintiff argues that: 1) the ALJ lacked discretion to deny a timely request for a hearing; 2) Plaintiff timely placed her request for hearing in a United States Postal Service mailbox; 3) regardless of whether Defendant actually received the request, Plaintiff is entitled to a presumption that Defendant received it under the "mailbox rule"; 4) because there was no evidence rebutting the presumption that Defendant received the timely mailed request for hearing, Defendant's decision to dismiss Plaintiff's request for hearing on the basis of untimeliness was improper; and 5) an order of mandamus remanding the matter to the ALJ or Appeals Council for further consideration is the only remedy available to right the wrong inflicted on Plaintiff. *See generally* Clerk's No. 9.

Plaintiff cites *Sandoval v. Astrue*, No. CV–08–0041–CI, 2008 WL 3545760 (E.D.Wash. Aug. 8, 2008), in support of her request. In *Sandoval*, the court considered a matter substantially similar to the present action. *See id.* The plaintiff appealed an adverse decision by an ALJ by timely mailing a request for review to the Appeals Council. *Id.* at *1. For some reason, the Appeals Council did not receive the request, so the plaintiff resubmitted it by fax a few months later. *Id.* The Appeals Council, however, denied the request on the basis that it was not timely filed. *Id.* Thereafter, the plaintiff requested mandamus from the District Court, asserting that there was nothing to rebut the mailbox rule's presumption that a properly mailed document is timely received, and requesting that the District Court remand the matter to the Appeals Council for review. *Id.* at *1–2. The Social Security Commissioner moved to dismiss the action, contending that there was no "final decision" that would support jurisdiction under §§ 405(g) and (h).

The District Court accepted mandamus jurisdiction and denied the Commissioner's request to dismiss, concluding that the plaintiff was entitled to the mailbox rule's presumption of receipt. *Id.* at *3 ("[Defendant] does not dispute Plaintiff's assertion that the proffered evidence of timely mailing satisfies the filing requirement, and he does not offer sufficient evidence to rebut the presumption of delivery and receipt. Applying the undisputed mailbox rule, the evidence before this court establishes Plaintiff timely filed his Request for Review by mailing."). In so finding, the

court stated that "allowing the Commissioner's simple denial of receipt by the Social Security Administration to rebut the presumption of receipt of a request for review is inconsistent with the agency's purpose to assist the disabled," noting that the Commissioner's own rules provide that mailing is an acceptable method of filing. *Id.* The court further found that, "[b]ecause Plaintiff is challenging the Appeals Council's failure to follow the agency's substantive Regulation [regarding a duty to review after a timely filed request for review], as published in the Code of Federal Regulations, and is not appealing the ALJ's denial of benefits or other discretionary act, the court may assume mandamus jurisdiction to determine if the Appeals Council failed to perform a duty [that] was owed Plaintiff." *Id.* at *5. The court then concluded that all requirements for mandamus were satisfied, and remanded the case to the Appeals Council "to perform its non-discretionary duty to review Plaintiff's request after a timely Request for Review." *Id.* at *6.

█ Although the Government points out that *Sandoval* is mere persuasive, rather than binding, authority, the Court nonetheless finds it compelling. Indeed, there is substantial authority, both in the Eighth Circuit and elsewhere, supporting a conclusion that § 1361 mandamus is not barred by the language of § 405(h) [1] and "provides jurisdiction in cases challenging the procedures used in administering Social Security benefits but unrelated to the merits" of the benefits claim. *Burnett v. Bowen,* 830 F.2d 731, 737–38 (7th Cir.1987) (collecting cases). Indeed, in *Belles v.*

*Schweiker,* the Eighth Circuit found that the exclusivity provision in § 405(h) does not present an obstacle to mandamus jurisdiction where the claims at issue are procedural in nature. 720 F.2d 509, 512 (8th Cir.1983) (citing *Weinberger v. Salfi,* 422 U.S. 749, 756–57, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) for the proposition that § 405(h) requires claims *for benefits* to be asserted only through § 405(g), but noting that § 405(h) is "not controlling" where a decision favorable to the plaintiff would entitle her only to certain procedural considerations and not to benefits); *see also Wolcott v. Sebelius,* 635 F.3d 757, 766 (5th Cir.2011) (holding that "mandamus jurisdiction exists if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to plaintiff"); *Ganem v. Heckler,* 746 F.2d 844, 850 (D.C.Cir.1984) ("[W]e ... join the consensus of the Courts of Appeals by holding that mandamus jurisdiction is not precluded by the [Social Security] Act."); *Ellis v. Blum,* 643 F.2d 68, 78 (2nd Cir. 1981) (collecting cases and finding that "[a]n impressive array of cases in this and other circuits has established that § 1361 jurisdiction will lie to review procedures employed in administering social security benefits"); *Hennings v. Heckler,* 601 F.Supp. 919, 923–24 (N.D.Ill.1985) ("[A]s Judge Posner has noted, 'there is a powerful argument that the mandamus statute remains available to social security claimants notwithstanding [§ 405(h) ].' Indeed, every court of which we are aware which has explicitly decided the issue has found that, 'under circumstances where the writ [of mandamus] properly would issue,'

1. Title 42, U.S.C. § 405(h) provides:

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any

person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1345 of Title 28 to recover on any claim arising under this subchapter.

§ 1361 'provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits.'" (citations omitted)).

### 2. *Sovereign immunity.*

Despite the wealth of case law supporting the Court's authority to exercise mandamus jurisdiction, Defendant maintains that any mandamus action by Plaintiff is nonetheless barred by the doctrine of sovereign immunity.[2] In particular, Defendant cites *In re Russell* for the well-established principle that "the mandamus statute, 28 U.S.C. § 1361, does not provide a waiver of sovereign immunity." *See* Def.'s Supp. Mem. (citing *In re Russell*, 155 F.3d 1012, 1012 (8th Cir.1998)). The principle espoused in *In re Russell*, however, requires a closer look at the statutory authority to which the mandamus request is directed.

In *In re Russell*, the Eighth Circuit specifically held that the Veterans Judicial Review Act of 1988 (the "VJRA") did not evidence a congressional intent to waive sovereign immunity such that a mandamus action could proceed, concluding that "the United States has not waived it sovereign immunity as to review of VA procedures by any court other than the CVA [Court of Veterans Appeals], Federal Circuit and Supreme Court." 155 F.3d at 1012–13. The VJRA, however, is notably different than the Social Security Act. Title 38, United States Code, § 511(a) explicitly states that, subject only to certain delineated exceptions, "the decision of the Secretary [as to all questions of law and fact necessary to a veteran's benefits determination] shall be final and conclusive and may not be reviewed by any other official or by any court, *whether by an action in the nature of mandamus or otherwise.*"

(emphasis added). The final sentence of § 405(h) of the Social Security Act, by contrast, states only that "[n]o action against the ... Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." In *Wolcott*, 635 F.3d at 757, the Fifth Circuit found that the lack of reference to § 1361 in § 405(h) indicates a congressional intent to preserve mandamus jurisdiction for procedural violations:

> The rationale undergirding several of the circuit courts' holdings that § 405(h) does not preclude mandamus jurisdiction is that Congress could have withdrawn mandamus jurisdiction, but chose not to do so. The third sentence of § 405(h) specifically strips the federal courts of jurisdiction under 28 U.S.C. §§ 1331 and 1346 for any claims arising under the Medicare Act, but does not mention § 1361. *See* 42 U.S.C. § 405(h). The D.C. Circuit reasoned "that Congress knows how to withdraw a particular remedy and [the fact that it] has not expressly done so is some indication of congressional intent to preserve that remedy." *Ganem v. Heckler*, 746 F.2d 844, 851–52 (D.C.Cir.1984) (noting that Congress explicitly stripped the federal courts of mandamus jurisdiction to review Veterans Affairs decisions regarding benefit claims when it amended 38 U.S.C. § 211(a) in response to federal courts narrowly construing the prior language of § 211 and exercising judicial review). Thus, these courts reason that "Congress's failure to express disapproval of the use of mandamus jurisdiction in [Medicare] cases when it amended other jurisdictional provisions is evidence that Congress intended to

---

**2.** According to Defendant, the Court should not rely on *Sandoval* or any other authority cited by Plaintiff because none of those cases addressed the issue of sovereign immunity. *See* Def.'s Supp. Mem.

preserve mandamus jurisdiction for claims that are procedural in nature under the [Medicare] Act." *Burnett,* 830 F.2d at 738.

We find these circuits' reasoning is persuasive. We hold that § 405(h) does not preclude § 1361 jurisdiction to review otherwise unreviewable procedural issues and join the unbroken consensus among the overwhelming majority of other circuit courts.

*See Wolcott,* 635 F.3d at 765–66.

This Court finds the reasoning in *Wolcott* persuasive and concludes that the sovereign immunity issue in *In re Russell* arose from specific language in the VJRA precluding mandamus actions. Given that

no such language is present in the Social Security Act, and given that courts in the Eighth Circuit have, on more than one occasion, permitted mandamus actions to proceed where benefits determinations were not directly at issue, it is reasonable to believe that Congress intended to preserve mandamus as a remedy for challenging the procedures employed in administering the Social Security Act.[3] *See Belles,* 720 F.2d at 509 (permitting a mandamus action to proceed); *Mental Health Ass'n of Minn. v. Heckler,* 720 F.2d 965, 972 (8th Cir.1983) (same).

## III. CONCLUSION

■ Having determined that mandamus jurisdiction is appropriate and not barred

---

3. At least two alternative arguments also support a conclusion that sovereign immunity does not bar mandamus jurisdiction in this case. First, the Administrative Procedures Act ("APA") could be construed as an express waiver of sovereign immunity. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action ... is entitled to judicial review thereof. An action in a court of the United States seeking relief *other than money damages* and stating a claim *that an agency or an officer or employee thereof acted or failed to act in an official capacity* or under color of legal authority *shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensible party ....* " (emphasis added)); *Wachter v. Caldera,* No. CIV A1–00–72, 2001 WL 627425, at *1 (D.N.D. Mar. 14, 2001) ("The Court agrees that the APA provides a waiver of sovereign immunity.").

Second, a waiver of sovereign immunity is arguably unnecessary since Plaintiff is alleging that the ALJ and the Appeals Council acted outside their authority. *See Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 689, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949) ("[W]here an officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions. The officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the

sovereign has forbidden. His actions are ultra vires his authority and therefore may be made the object of specific relief."); *Washington Legal Found. v. U.S. Sentencing Comm'n,* 89 F.3d 897 (D.C.Cir.1996) (recognizing that § 1361 is not a waiver of sovereign immunity, but holding: "If a plaintiff seeks a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity, however, no separate waiver of immunity is needed" because under *Larsen,* his actions are ultra vires his authority); *Berkery v. C.I.R.,* 2010 WL 99376 (E.D.Pa.2010) (stating that no waiver of sovereign immunity is needed when a party seeks to force, through mandamus, a government official to perform its nondiscretionary duty: "This is because if the officer is acting outside the scope of his authority, sovereign immunity will not apply, and, therefore, no waiver of sovereign immunity is needed. Writs of mandamus, therefore, are appropriate, and do not offend notions of sovereign immunity, in situations where the court is not compelling the sovereign to act, but is merely compelling the agent to act as the sovereign has already instructed."); *Pieczenik v. Cambridge Antibody Tech. Grp.,* No. 03Civ6336, 2004 WL 1118500, at *4 (S.D.N.Y. May 14, 2004) (recognizing *Larsen* as an exception to sovereign immunity and stating "to fall within this exception to sovereign immunity, a plaintiff must demonstrate that the United States owed him a duty, which the defendant official failed to perform.").

by sovereign immunity, the Court hereby GRANTS Plaintiff's Motion for Leave to File an Amended Complaint (Clerk's No. 8) and Plaintiff's Motion to Alter or Amend Judgment (Clerk's No. 9). The Judgment in favor of the Commissioner of Social Security (Clerk's No. 7) is hereby VACATED.

■ Moreover, after careful consideration, the Court finds that granting a writ of mandamus is appropriate in this action. A district court may exercise its discretion to grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge,* 445 F.3d 1057, 1060–61 (6th Cir. 2006) (citations omitted). In this case, Plaintiff does not seek a review of her claim for disability benefits; rather, she seeks to have the Defendant appoint an ALJ to conduct a hearing under 20 C.F.R. § 404.929, given that Plaintiff has presented evidence supporting a presumption that her request for a hearing was timely delivered, and given that the Defendant failed to present any evidence rebutting the presumption of delivery under the mailbox rule. Thus, it appears that Plaintiff has a clear right to the relief sought and that the Defendant has a nondiscretionary duty under the applicable statutes and CFRs to honor that right. Moreover, it is clear that Plaintiff has no other adequate remedy.

Accordingly, for the reasons stated herein, this case is REMANDED to the ALJ for further review in light of this Order and 20 C.F.R. § 404.929.

IT IS SO ORDERED.